# UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| Derrick Waiters, #18510-056, <br><br>  Plaintiff, <br><br> v. <br><br> NFN Phillip, Food Service Officer at FCI-Estill; NFN Garcia, Physicians Assistant at FCI-Estill; NFN Ashline, Food Service Supervisor at FCI-Estill; and NFN Vindell, Doctor at FCI-Estill, <br><br> Defendants. | C/A No. 6:06-2648-GRA-WMC <br><br> **ORDER** <br> (Written Opinion) |

This matter is before the Court for a review of the magistrate's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(c), D.S.C., and filed September 27, 2006. The magistrate has treated Plaintiff's claim as a *Bivens* action. The magistrate recommends dismissing the complaint without prejudice and without issuance and service of process for failure to exhaust administrative remedies.

Plaintiff brings this claim *pro se*. This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Boag v. MacDougall*, 454

1

U.S. 364, 365 (1982).

The magistrate judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.*

In order for objections to be considered by a United States District Judge, the objections must be timely and must specifically identify the portions of the Report and Recommendation to which the party objects and the basis for the objections. Fed. R. Civ. P. 72(b); *see United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985). "Courts have . . . held de novo review to be unnecessary in . . . situations when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendation." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Furthermore, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th

Cir. 1983). Plaintiff filed objections to the Report and Recommendation on October 10, 2006.

Plaintiff's complaint alleges that a non-prisoner staff member threw a hard boiled egg at him, which struck him in the eye and caused ongoing vision problems. The magistrate recommended that plaintiff's complaint be dismissed without prejudice and without service of process because plaintiff failed to exhaust his administrative remedies with the Bureau of Prisons. Plaintiff objects that he has, in fact, exhausted his administrative remedies as of the date of this order.

The Prison Litigation Reform Act (PLRA) requires the dismissal of a complaint brought by a prisoner with respect to prison conditions until the record demonstrates on its face that the prisoner has exhausted his administrative remedies. *Bowman v. Haynes*, 282 F.Supp.2d 488 (N.D. W.Va. 2003). The PLRA requirement that a prisoner utilize any available prison grievance procedure applies to all inmate suits, whether they involve general conditions or particular episodes, and whether they allege excessive force or some other wrong. *Wilson v. Vannatta*, 291 F.Supp.2d 811 (N.D. Ind. 2003).

An inmate must complete four steps in order to exhaust his administrative remedies with the Bureau of Prisons. First, the inmate must attempt to resolve the issue informally with the prison staff. 28 C.F.R. § 542.13. Then the inmate must file a Form BP-9 with the warden. *Id.* § 542.14. Then the inmate must submit an appeal on Form BP-10 to the Regional Director. *Id.* § 542.15. Finally, the inmate

must appeal to the General Counsel on Form BP-11, thus exhausting his administrative remedies and conferring jurisdiction on this Court.

Plaintiff has provided documentation of his efforts to obtain administrative relief by way of an amended complaint. An "Informal Resolution Documentation Form" is attached to plaintiff's amended complaint. The Court notes that this form appears to be plaintiff's copy and does not show on its face that it was ever submitted to prison staff. However, the Court may assume that the form was received by prison staff because without it, the warden would not have responded to plaintiff's BP-9 appeal. The BP-9 appeal was received by the warden on May 25, 2006. His response dated June 2, 2006 indicated that plaintiff was receiving treatment from an opthalmalogist and that an investigation into the incident was underway, but plaintiff would not be privy to the results of that investigation.Plaintiff appealed to the Regional Director of the Bureau of Prisons and his appeal was received on June 21, 2006. The Regional Director's response dated July 13, 2006 was in agreement with the warden's response.

Plaintiff claims that he has filed an appeal with the Office of General Counsel at the Bureau of Prisons, but he has failed to provide any documentation to this effect. The Court has made inquiry to the Office of General Counsel and will take judicial notice of its records. The Court has been informed that plaintiff submitted an appeal on August 1, 2006 and again on October 5, 2006. In each instance, the Office of General Counsel rejected the appeal because the plaintiff failed to provide

either the institution's response to the earlier appeals or the BP-9 Form. Therefore, the plaintiff has not exhausted his administrative remedies and his objection is without merit.

Plaintiff objects that the PLRA did not overrule *McCarthy v. Madigan*, 503 U.S. 140 (1992). The Supreme Court recognized that the PLRA superceded *McCarthy* in *Booth v. Churner*, 532 U.S. 731 (2001). Plaintiff cites *Beeson v. Fishkill Correctional Facility*, 28 F.Supp.2d 884 (S.D.N.Y. 1998), but this case does not help him. "The PLRA mandates complete administrative review of all claims before an inmate may bring a §1983 action." *Id.* at 887. This objection has no merit.

The Court need not address plaintiff's third objection because it regards the merits of his underlying *Bivens* action. The Court's holding does not reach the validity of the underlying suit.

Plaintiff's final objection is well-taken and the Court has considered the amended pleadings. Even when taking into account the plaintiff's submissions, it is clear that he has failed to exhaust administrative remedies as required by the PLRA.

After a review of the magistrate's Report and Recommendation, this Court finds that the report is based upon the proper law. Accordingly, the Report and Recommendation is accepted and adopted in its entirety. As a result, the plaintiff's complaint is dismissed for failure to exhaust federal prison remedies. 42 U.S.C. §

1997e(a).

IT IS THEREFORE ORDERED that Plaintiff's complaint be DISMISSED without prejudice and without issuance and service of process.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

December 8, 2006

## **NOTICE OF RIGHT TO APPEAL**

_____Plaintiff has the right to appeal this Order within sixty (60) days from the date of the entry of this Order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.  Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.